NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 16 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JORGE MARTINEZ-VENTURA, | No. 18-72541 |
| Petitioner, | Agency No. A078-245-059 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2024**
Pasadena, California

Before: WARDLAW, FRIEDLAND, and SUNG, Circuit Judges.

Jorge Martinez-Ventura ("Martinez"), a native and citizen of Mexico,

petitions for review of the reinstatement of a prior removal order.[1] The

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Martinez seeks judicial notice of documents related to his initial removal and his counsel's communications with DHS. Dkt. No. 49. The Government does

reinstatement order became final when the Immigration Judge ("IJ") issued a negative credible fear determination, and the order is now reviewable by our court under 8 U.S.C. § 1252(a)(1). *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 833–34 (9th Cir. 2016). In the context of reinstatement orders, we may review "constitutional claims or questions of law." *Bravo-Bravo v. Garland*, 54 F.4th 634, 637 (9th Cir. 2022) (quoting 8 U.S.C. § 1252(a)(2)(D)). Martinez was first removed in 1991 and has been removed following reinstatement multiple times since then. Martinez now asserts that he did not receive notice of and did not appear at his original removal hearing in 1991 but that he cannot prove the lack of notice because the government has refused him access to his A-file.

To start, the Government's argument that we lack jurisdiction because of the 30-day time limit in 8 U.S.C. § 1252(b)(1) is foreclosed by *Alonso-Juarez v. Garland*, 80 F.4th 1039, 1043 (9th Cir. 2023). There, we held that the 30-day deadline is not jurisdictional, and that the clock begins to run at the conclusion of reasonable fear proceedings. *Id.* Here, Martinez timely filed his petition for review on the same day that the IJ affirmed the negative reasonable fear finding

not oppose the motion and requests notice of an additional document. Dkt. No. 55. Our decision in this appeal is limited to whether the Government's failure to produce the A-file allows for a collateral attack on the underlying removal order, and the documents are not necessary to resolve that question. Both parties' requests are therefore DENIED. *Cuellar v. Joyce*, 596 F.3d 505, 512 (9th Cir. 2010) (denying judicial notice of materials that were "not relevant to the disposition of th[e] appeal").

and thereby concluded the reasonable fear proceedings.

A collateral attack on an underlying removal order is allowed "if the petitioner can show that he has suffered a 'gross miscarriage of justice' in the initial deportation proceeding." *Lopez v. Garland*, 17 F.4th 1232, 1234 (9th Cir. 2021) (quoting *Vega-Anguiano v. Barr*, 982 F.3d 542, 544 (9th Cir. 2019)). To the extent Martinez bases his gross miscarriage of justice claim on the lack of access to his file in his reinstatement proceeding, that cannot confer jurisdiction because he must identify a gross miscarriage of justice in his initial removal proceeding. *Id.* To the extent Martinez's gross miscarriage of justice claim is based on his assertion that he did not receive notice of his initial removal hearing and his initial removal order was issued *in absentia*, the proper vehicle for such a challenge is a motion to reopen under 8 U.S.C. § 1229a(b)(5)(C)(ii). Generally, an individual who has reentered unlawfully is barred from bringing a motion to reopen a reinstated removal order. *See Bravo-Bravo*, 54 F.4th at 637–38. Notwithstanding this bar, individuals "retain[] the right . . . to seek rescission of a removal order entered *in abstentia*, based on lack of notice, by filing a motion to reopen 'at any time.'" *Miller v. Sessions*, 889 F.3d 998, 1002–03 (9th Cir. 2018) (quoting 8 U.S.C. § 1229a(b)(5)(C)(ii)). Even assuming that a lack of notice could constitute a "gross miscarriage of justice" if there were no vehicle for addressing it, Martinez has a vehicle available for addressing the purported lack of notice here.

3

Martinez argues that the Fifth Amendment due process requirement that the government furnish a copy of petitioner's A-file during removal proceedings should extend to reinstatement proceedings. *See Dent v. Holder*, 627 F.3d 365, 374 (9th Cir. 2010). But Martinez needs his A-file to make a challenge to his prior removal order that should be brought in a motion to reopen, which can be filed at any time. Because Martinez cannot make that challenge in this proceeding, Martinez cannot establish that he was prejudiced in this proceeding by the government's failure to furnish a copy his A-file. *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 495–96 (9th Cir. 2007) ("[A]s a predicate to obtaining relief for a violation of procedural due process rights in immigration proceedings, [petitioner] must show that the violation prejudiced him." (quotation marks omitted)).

**PETITION DISMISSED.**